ANSTEAD, Judge,
concurring specially.
I agree with the majority that the trial court’s holding finding no basis for equitable subrogation should be affirmed. The appellant, in refinancing a loan, failed to detect a prior second mortgage that was elevated to primary status when appellant paid off the first mortgage. In essence, appellant sought to have the court get it out of the legal fix it got in through its own neglect. As this court held in Bank of South Palm Beaches v. Stockton, Whatley, Davin & Co., 473 So.2d 1358 (Fla. 4th DCA 1985), absent unusual circumstances, a court must follow the law as to the priorities of mortgages. Otherwise legal requirements will become meaningless. Here, somebody goofed, but the bottom line was that the prior first mortgage was extinguished, and the appellant’s new mortgage was recorded much later than the preexisting second mortgage. Under these circumstances, Stockton leaves the parties where they placed themselves.